•Opinion of the Court.
THIS was a caveat, brought in the circuit Court of Scott, by Connelly, to prevent the emanation of a grant for twenty-seven and one half acres of land, which had. been surveyed for Shipp, under a Kentucky land-office warrant.
Connelly claims the superior right to the land, under a patent which issued from the commonwealth of Vir* ginia, in 1784, to GeorgeJEwing, for 1,000 acres of land. The patent describes the land to “ begin at two sugar trees and black oak, on Conn’s pre-emption line, and running thence south 45 east,'with said line, 260 poles, to a black walnut and locust and cherry, corner to said pre-emption, and on a line of M’Connell’s pre-emption; thence south 45 west, 20 poles, to two sugar trees and. hickory; thence south 45 east, 340 poles, crossing M’-Conneil’s riin and Elkhorn, to two sugar trees and a white ash, on the bank of said creek; thence south 187 poles, toa white ash, elm and white oak; thence west 400 poles, crossing a branch and Elkhorn twice, to two hickories and black oak; thence north 608 poles, crossing North-Elkhoru three times, and M’Connell’s run, passing the corner of Swan’s pre-emption, to the beginning.” ' r.f
The survey under which Shipp claims, calls to begin !t at a black oak and a stone, which was placed by the commissioners for the beginning corner of James Par-berry’s pre-emption, and running ’thence south 3 degrees 30 minutes east, crossing Elkhorn at 111 poles, again at 216, M’Connell’s ran at 356, and Elkhorn again at 396 poles, to a sycamore, two boxelders and a buckeye, in Johnson’s line, on the south side of North Elkhorn; thence down with Johnson’s line, north 45 west 12 poles, north 18 west 38 poles, to two linns, corner to William Lvtle; still down the creek, with Ly thy *258 north 36 west 14 poles, to three elms; thence north IS' minutes west, on Marshall and M’Cracken’s line, to a buckeye, corner to Swan; continued the same course on Dunlap’s line, to the beginning 336 poles.”
This survey was made for Shipp in, 1818, under a land-office warrant, and is contended by him to adjoin and. lay upon the west of the land patented to Ewing, as assignee of James Parberry, under whom ^Connelly claims; and Connelly contends, that instead of adjoining the land of his, the patent to Ewing, under which he claims, includes the whole of Shipp’s survey. So that it becomes material to decid'e, whether or not, in point of fact, the patent of Ewing covers the land contained in the survey of Shipp. If it does not, Connelly* claiming through Ewing, has shown no title, and his caveat should have been dismissed; but if it does, the title of Connelly is complete for the land in contest, and the circuit court erred in dismissing his caveat as to any part.
By adverting to the description contained in Shipp’s survey, it will be perceived, that the last line, in running north 15 minutes west, passes the corner of Swan, to the beginning of both Shipp’s survey aud that of Par-berry, under which Connelly, through Ewing, claims. It is apparent, therefore, that Shipp’s survey lies altogether east of a direct line from Parberry’s beginning, passing the corner of Swan; so that the claim of Con-nelly must include the whole of Shipp’s survey, if the corner of Swan which is adjoined by Shipp, is adjoined by the survey of Parberry on which the patent issued to Ewing. And that Parberry’s survey does adjoin the corner of Swan, will be apparent, by adverting to the calls in the patent; for in describing the last line of Parberry’s survey, the patent ..calls to run c* north 608 poles, crossing North Elkhorn three times, and M’Con-nell’s run, passing the corner of SwarC s pre-emption, to the beginning.” it is true, the patent does not, in-express terms, say which of Swan’s corners is to be adjoined; but, from the calls of the patent, it is evident, that Swan’s pre-emption lies on the west, and the corner which is adjoined by Shipp’s survey is the most eastern corner of Swan, and consequently, must be the one which the last line of Parberry calls to pass., ,We are aware that no corner can he found at the intersection .of a line extended from the beginning of Parberry, and *259 passing the corner of Swan, with a line extended according to the patent course of the line next preceding the-last line of Parberry; and that intersection, too, will be at a point more distant from the comer preceding the last corner called for in the patent, than the patent distance. But these circumstances do not prove that Swan’s corner does not adjoin Parberry. They might, in the absence of other proof of Parberjy’s last corner, produce a question in fixing the corner, were it necessary to do so; but in this contest, let the corner be fixed where 4t may, as the patent calls for Swan’s corner, the corner must be adjoined; and if adjoined, the whole of Shipp’s survey will be included in the patent. We have not deemed it necessary, therefore, to decide where the last corner of Parberry ought to be fixed. We would, however, remark, that the evidence is insufficient to fix it at the place selected by Shipp. There is evideuce of a corner existing there; but the proofis conclusive, thatthe marks on that corner must have been made several years since the date of Parber-ry’s survey. 4
In the preceding remarks, we have taken into consideration the exhibits and depositions in the cause, without' their having been made part of the record by bill of exceptions; and that we have done, because, by the fifth section of the act of January 1811, which regulates proceedings in caveats, (1-Dig. L. K. 211,) the trial is directed to he by the court upon the statements of the parties-, depositions, exhibits and facts agreed, as in suits in equity; and in suits in equity no-bilLofiexcep-tions is necessary, to make exhibits and depositions.part of the record.
It results, therefore, that instead of dismissing the caveat of Connelly, as to the part of the land in contest, the court below should have rendered á judgment for the whole land, in his favor. The judgment must, consequently, be reversed with costs, the cause remanded to that court, and judgment there entered according to .the principles of this opinion-.