*338 Opinion op the Court, by
Judge Owsley.
THIS writ of error is prosecuted to reverse a judgment recovered by the defendant, in an action of as-sumpsit brought against Mm in the court below, by the plaintiffs.
The declaration contains various counts, and the trial was had in the court below on the general issue.
in the progress of the trial, the plaintiffs introduced in evidence to the jury, an account made out by them against the defendant, containing various charges is their favor, amounting to $202 47, and containing a credit in favor of the defendant for $> 133, making a balance in favor of the plaintiffs against the defendant of $69 47. After the account was introduced, the court instructed the jury, that to authorise the plaintiffs tore-cover, they should prove the items charged to an amount greater than the credits contained therein; and the correctness of that instruction is questioned by one of the assignments of error.
This court perceives no error in the instruction of the court. If the account had contained no credit, it is perfectly clear, that to authorize the plaintiffs to recover, it would have been incumbent on them to establish some part of their account by proof; and it is not perceived how the circumstance of their having given a credit, can excuse them from establishing their account by proof, to an amount greater than the credit, before there could be a recovery m their favor. The credit which was given by them, is, no doubt, evidence against them, anti to repel its effect, evidence of a demand . equal to the credit, is essential. If the credit had been applied as a payment of any particular items in the aC~ *339 <?punt, Lt mighthave been competent for the plaintiffs to re'cover, by proving the correctness of any other item to which the credit was not so applied; but as the credit is general for so much paid on the account, an amount greater than the credit must be proved before it can be known that the plaintiffs have an existing demand for which there ought tobe a recovery in their favor.
In such case, if the witness would have had time to examine the day-book, & the examination had so revived his recollection, that on ano-, ther trial a different re-sa^1^r°"^ 0Ught so to. appear on the, motion for a* n<nv' ria
After a verdict was found for the defendant, a motion was made by the plaintiffs for a new trial; but the motion was overruled, and the remaining question involves the correctness o? the decision of the court, in refusing a new trial.
From the bill' of exceptions taken to the court’s refusal to grant a new trial, it appears' that after the account to which we have already referred was introduced, the plaintiffs, who were merchants, introduced two witnesses, each of whom had been clerks in their store, and one of whom stated., that he could not recollect any part of the items contained in the account, witiiout. referring to the day-book of the plaintiffs, which was in court; but the bill of exceptions states, that the court refused to allow the witness time to examine the day-book. The other witness stated that he lived in the store as clerk to the plaintiffs, during the greater part of the time specified in the account, and that during that time,, articles to the amount of $122 60, appear to be charged, most of which articles, the witness said, were delivered by him to the defendant, and that he believed the whole a.mount during that time was correct, because, said, the witness, the plaintiffs kept correct books, though as several'years bad elapsed since the delivery of the articles-charged, the witness said he could not recollect the delivery of every article charged, without having time to examine the day-book- of the plaintiffs then in court; hut the court refused, to allow that time to the witness. The witness, however,, proceeded to state, that he recollected selling and delivering for the plaintiffs to the defendant, articles charged' in the. am count, to the amount of $.97^10.
It was upon the foregoing evidence, in substance;, that the jury found their verdict; and one ground upon which the new trial was asked, is, that of the court during the trial having, refused the witnesses time to examine the day-book of the plaintiffs.
*340 We readily admit, that the court displayed great strictness in refusing to indulge the witnesses in examining the day-book of the plaintiffs, from which the charges were taken. Though it might have been inadmissible for the witnesses, after examining the day-book, to state any thing but from recollection, by adverting to the day-book, their recollection might have been improved, and for that purpose it would have been more correct for the court to have permitted the witnesses to make the examination. lfr therefore, exceptions had been taken to the refusal of the court, during the progress of the examination, we should have been constrained to have reversed (he judgment; but no such excep* lions were taken. The exceptions which were taken, are to the opinion of the court in not awarding a new trial; and though the refusal of the court to allow the witnesses time to examine the day-book, is urged as a ground for awarding a new trial, the question is presented in a quite different aspect to what it would have been, had the opinion been excepted to during the trial. Applications for new trials, are always addressed to the sound discretion of the court, and though an er- - jror in the opinion of the court, is said to be cause for a new trial, the error ought to appear to be such as has produced injury to the complaining party, before the court should interpose and set aside a verdict. Such* however, is not made to appear to he the case in the present instance. After the trial, the witnesses had sufficient time to examine the day-hook of the plaintiffs, . before the application was made for a new trial; and to have made it proper for the court to set aside the verdict, it should have been made appear to the court, that the examinalion had been made, and that the witnesses on another trial could state from recollection something which would probably produce a different verdict. Nothing of this kind was, however, suggested to the ccurl, and, consequently, we cannot say that a new trial ought to have been granted.
Oilier grounds were also relied on for a new trial; but it is sufficient to remark, that we are of opinion they were correctly overruled.
•The judgment must be affirmed with costs.