Chjef Justice Bibb
delivered the Opinion of the Court.
Drussilla Kindred, declared against Walton, stating herself to be administratrix of the goods and chattels, rights and credits which were o'f *389 John Kindred at the time of his death; making profert of her letters of administration, in these words, “the plaintiff brings here into court a certified copy of her letters of administration upon estate of said John Kindred.”
Profert of the letters of administration*
emuner*
Judgment against tho demurrer ; leave to plead refused, but on condition of -the withdrawal of the demurrer; and judgment for plaintiff.
Statutes of jeofail>17i,ii■■
statute of. 181’•
The defendant demurred, “because he says the matters and things in plaintiff’s declaration and profert of letters of administration, as therein set forth, are not good and sufficient in law.”
The court overruled the demurrer. The defendant asked leave to file a plea, but the court refused leave, unless the defendant would withdraw his demurrer, which he refused to do, and thereupon the court rendered final judgment for the debt, according to the obligation declared on.
It is alleged for error, that the profert of the letters of administration is insufficient, in not setting forth, who granted the letters of administration; and that the demurrer ought to have been sustained.
By the statute of Kentucky; (2 Digest 681, 1 Litt. laws Ky. 499,) no judgment, after a verdict Gf twelve men shall be stayed or reversed “for not alleging any deed, letters testamentary, or commission of administration, to be brought into court;” “neither shall any judgment entered upon confession, or by nihil dicit, or non sum informatus, be reversed, nor a judgment after inquiry of damages be stayed or reversed, for any omission or fault, which would not have been a good cause to stay or reverse .the judgment, if there had been a verdict.”
By the act of 30th January, 1811, (1 Digest, 262; 4 3 Litt. 259,) among other provisions intended to brush away the cobwebs of form and technicality, which had entangled the administration of the law, these are to be found: “and neither of the parties shall be bound to any particular formality in pleading by averment or otherwise, provided the parties have stated their cases so plain that a fair trial can be had on the merits of the cause.” “Nor shall any demurrer, either general or special, be sustained, when offered by either plaintiff or defendant, to any ^trt qí the pleading, provided the statement con *390 tained in said pleadings substantially apprize the adverse party of the point or points intended to be relied on, and amount to a substantial cause of action or defence, as the case may be; but in all cates where the court is of opinion that tiie parties cannot proceed to a fair trial on the merits of the cause, from a defect in the pleadings, either party may be allowed to amend.”
British acts of jeofail adopted in Virginia in 1755, and in Kentucky by the first constitution.
Omission or insufficiency of profert of the plaintiff’s letters of administration, is but matter of form, and cured on demurrer by the acts of jeofails.
Jurisdiction of ainirastration cases in England.
Before the statute of Ann, the ancient decisions were, that profert of letters of administration was of substance; the after decisions deemed it but matter of form; since that statute all agree it is but matter of form, and not of substance in pleading. By the statute of Virginia of 1753, the acts of parliament, commonly called the statutes of Jeofails, then in force in England, wore adopted, and the statutes in force in Virginia, at the separation of Kentucky, were adopted, and declarad to be in force here, until altered or repealed; (1 Digest 082; schedule to first and second constitutions of Kentucky.) The substance of the statute of Ann respecting.Jeofails was re-enacted in 1790; and by the statute of 1811, no demurrer for want of form can be sustained. A total omission of profert of letters of administration would be no substantial cause of demurrer to a declaration.
The omission of profert of the letters of administration being but matter of form, to be disregarded, even upon demurrer for that cause, according to the statutes before recited; it follows that the omission to state by whom the letters of administration were granted, is but a want of form. If the whole is but formal, a part cannot be of substance, and cf greater effect and defect in pleading than the omission of the whole. In England, the granting of letters of administration is of ecclesiastical jurisdiction.
The commission of administration extends only to the assets within the ecclesiastical jurisdiction by whom they are granted. If there be bona notabilia in different dioceses, it is necessary to lake letters of administration from each peculiar ordinary, or metropolitan jurisdiction, within which the bom no *391 tabilia may happen to be. It is true, that anciently the forms of proferí stated by whom the letters of administration were granted, whether by the Archbishop, or Bishop &c. according to the truth of the case. So the form is given by Chitty in bis second volume, p. 104; but in note 2, to the third American edition, it is stated that the omission of proferí is aided after verdict by 16 and 17 Charles 2, chap. 8, sec. 1; and upon general demurrer by -the 4 Ann. chap. 16.
Objection which required the special demurrer, are now all cured by the act of 1811. .
It never was necessaiy bore for the plaintiff .to state by what court his letters of administration were granted.
If defendant files and relies on his demurrer only to the plaintiff’s declaration, when that is overruled, his application to lile a plea is addressed to the discretion of the court, and an ill plea may be refused or he may be required to withdraw his demurrer.
*391 To which may be added, that being formal and not substantial, the omission is cured even against special demurrer by the statute of Kentucky of 1811.
Whatever glimmering of reason existed in England, for stating by whom the letters of administration were granted, where it might appear whether the bona notabilia, were, or were not within the ecclesiastical jurisdiction, which granted the commission, that reason ceases in Virginia and Kentucky, where the commission of administration by the county court is coextensive with the state;-and more especially in Kentucky, since the statute of 28th Jan. 1812; (1 Digest 536, 4 Litt. 338,) authorizing executors or administrators to prosecute suits by virtue of certificates of probate or letters of administration granted out of this state. It is not the usual form of declaring in Virginia or in Kentucky, to state by what court the letters of administration were granted.
We concur with the circuit court in overruling the demurrer to the declaration.
It is complained of here, that-the circuit court refused leave to plead after the decision on demurrer, unless the defendant would withdraw his demurrer. Although the statute gives to the plaintiff in replevin, and the defendant in all other actions, the right to plead as many several matters, whether of law or of fact, as he thinks necessary for his defence; yet these matters must be pleaded at once, in due and apt time. • The party cannot claim the privilege, as of right, to follow each decision of the *392 court upon the insufficiency of one plea, by the offer' of another. Having filed his defence, whether of one or more matters, every after plea when offered, is within the sound discretion of the court to receive or to reject. And no rule can be safer in its effects and consequences, than that of requiring the party who applies for leave to plead anew, to produce his plea, that the court may see, that it is pertinent, substantial, not vexatious, nor a mere repetition of the same matter before decided to be insufficient. In this case the plea was prefaced by insisting on his demurrer, and saying that plaintiff, was not administratrix as in her delaration she had alleged; no oyer is craved of the letters of administration proffered; and the plea does not in conclusion tender an issue to the court or to the jury. The demurrer having been relied on in the first instance, as the only defence, and that demurrer being without color of defence on the merits, and only colorable as an objection to the formal part of the proferí of letters of administration set forth in the declaration, the court very properly refused leave to plead again, unless the party would withdraw his demurrer; gncl especially in refusing the plea as produced.
Turner, for plaintiff; Breck, for defendant.
Judgment affirmed with costs.