CAVEAT.

Case 66.

## Davis *vs* Stafford.

APPEAL FROM THE JOHNSON CIRCUIT.

*Caveat. Surveys.*

January 25.

JUDGE BRECK delivered the opinion of the Court.

Case stated.

ON the 2d May, 1845, Davis had a survey made upon a warrant from the County Court of Johnson, for two hundred acres of land.

On the 30th of the same month, Stafford, in virtue of a warrant from the same Court, caused a survey to be made for one hundred acres, interfering with the survey of Davis to the extent of about seventy acres.

In October of same year, Davis filed a caveat to restrain the emanation of a grant upon the survey of Stafford.

Judgment of the Circuit Court.

The Court below, on final hearing, dismissed the caveat at the costs of Davis, and he has appealed to this Court.

No objection is perceived in regard to the regularity of the proceedings in view of the act of 1811, (1 *Stat. Law*, 280,) and none is raised.

It seems also to be conceded, that the land in contest was vacant and unappropriated, at least prior to these surveys.

Some testimony was taken, but no material facts proven except as to the interference of the two surveys.

The question then arises whether upon that ground alone the proceeding was authorized and Davis was entitled to any relief.

The making of a survey under legal right to do so

Assuming, as the facts authorize, that the survey of Davis was made in conformity to law, it was an appropriation of the land therein embraced, which, however,

would not be complete and perfect till the emanation of the patent.

So far as the survey of Stafford interfered and embraced the same land, it was unauthorized and illegal, and the proceeding by caveat was the proper mode to arrest the consummation of this illegal act by obtaining a grant.

is such an appropriation as will authorize the holder to caveat another and junior survey of the same land.

The fact that by registering his survey in the Land Office, within the time prescribed by law, his title would have relation back to the time it was made, and would overreach an elder grant upon a prior survey, constitutes no bar, we think, to this proceeding by Davis, nor any sufficient reason why Stafford should not be restrained from encumbering the land with an additional patent: *Patterson* vs *Trabue*, (3 *J. J. Marshall*, 598;) *Connelly* vs *Shipp*, (3 *Litt.* 257.)

It is not essential to authorize a party to file a caveat, that his survey should be registered at the time of filing the caveat

In the last case Connelly had an old grant covering the land which Shipp sought to appropriate, but was restrained by caveat.

In this case Davis had an inchoate title and clearly such an interest as authorized him to restrain Stafford from carrying into grant his illegal survey, to the extent of the interferance.

It is true it is not shown that either of the surveys had been registered in the Land Office at the time the caveat was filed. But whether registered or not, is not deemed material. The caveat was filed within the time prescribed by law for returning the survey, and we are not aware that the jurisdiction of the Court depended upon the registry of the survey, or that the failure to show that fact would affect Davis' right to relief. The statute prohibits the issuing a grant upon either survey till the caveat is finally disposed of. Our conclusion is, that the Court below erred in discharging the injunction and dismissing the caveat.

The effect of a caveat is to prevent the issual of a grant to either party until the caveat is decided.

The report of the surveyor, as we find it in the record, is not very intelligible in reference to the interferance. Upon the return of the cause, therefore, the Court will cause the report to be so made out as accurately and clearly to show the confliction between the two surveys, and to the extent thereof, will perpetually

enjoin the issuing of a patent upon the survey of Stafford.

Wherefore the judgment is reversed and the cause remanded for further proceedings and a judgment in conformity with this opinion.

*Rice* for appellant; *Apperson* for appellee.